## Frazier's Administrator v. First National Bank of Prestonsburg.

(Decided May 31, 1927.)

### Appeal from Floyd Circuit Court.

1. Reformation of Instruments.—Before a court will decree the reformation of an instrument on the ground of mistake, the proof must be clear, full, and convincing.
2. Reformation of Instruments.—In action to recover alleged deposits, wherein bank asked for reformation of deposit slip evidencing deposit, alleging that the deposit slip was issued by mistake for a check which was received for collection only and was never collected, which allegations plaintiff denied, conflict in testimony held conclusive against reformation of the deposit slip on the ground of mistake.·

JOSEPH D. HARKINS for appellant.

A. J. MAY for appellee.

Opinion of the Court by Commissioner Sandidge—
Reversing.

On March 30, 1922, Ama L. Frazier presented to
appellee, First National Bank of Prestonsburg, Ky., a
check for $1,000, made payable to her, drawn by Martin
Bargain Store against its account with that bank. The
cashier of the bank took the check and issued and de-
livered to her a deposit slip, showing that she had on
that day deposited with it the sum of $1,000. Previous to
this time Mrs. Frazier had made deposits with the bank
aggregating $1,643.90, and it is conceded that it agreed
with her, when these deposits were made, that it would
pay her 3 per cent. interest on them. Exactly the same
kind of certificate of deposit was issued to Mrs. Frazier
the day the $1,000 check was deposited as had been issued
on the three previous occasions when she made deposits.
About a year subsequent to the $1,000 deposit, Mrs.
Frazier called at the bank and requested that the interest
on her money be paid to her, including that on the $1,000,
and was then informed that the $1,000 check which she
had deposited had never been paid, and that her account
had never been credited with it. The bank declined to
account, either for the $1,000 or interest on it. She there-
upon instituted this action to recover $1,000, with interest
alleging the foregoing facts as constituting her cause of
action.

The bank by answer admitted issuing and delivering
to her the certificate of deposit, but it pleaded that the
$1,000 check was not accepted by it when presented, but
that Mrs. Frazier was informed that the drawer of the
check did not have sufficient funds to meet it, and left the
check with it merely for collection and with the under-
standing that her account would be credited by it when
and if paid, and that the deposit slip issued and delivered
to her by mistake did not show the true transaction, and
should be reformed to show the true circumstances under
which the check was left with it. It further pleaded that
the drawer of the check had never had sufficient funds to
meet its payment, and that therefore appellant was not
entitled to any relief under her petition.

The allegations of the answer were controverted by
reply. Proof was taken, and, the cause having been
transferred to equity, the chancellor adjudged that the
petition be dismissed and appellee, bank, recover its
costs. The appeal is prosecuted from that judgment.

Mrs. Frazier has died since the appeal reached this court, and it is being prosecuted by her administrator.

The evidence herein establishes that on the day the certificate of deposit for $1,000 was issued to Mrs. Frazier she presented to appellee bank a check in her favor for that sum drawn by Martin Bargain Store against its account with that bank, and that when she did so the cashier of that bank issued and delivered to her a certificate of deposit, showing that she had deposited $1,000 to the credit of her account with it. Without determining the effect of subsections 137, 185, and 189 of section 3720b, Kentucky Statutes, our Negotiable Instruments Act, as applied to the facts here presented, and considering only the question whether or not the deposit slip given her by mutual mistake of the parties failed to state the true circumstances under which the check was delivered and accepted by the bank, this court's consideration of the record leads to the conclusion that the chancellor erred in adjudging a reformation of the certificate of deposit.

Mrs. Frazier positively denied that any mistake was made. She testified that one of the members of the partnership then doing business under the name "Martin Bargain Store" went to the bank with her on the occasion when this check was presented, and had with him a note for $600, which had been executed by the Martin Bargain Store to enable it to borrow that much money from the bank with which to supplement the amount it then had to its credit, so as to meet the payment of the $1,000 check. When the note was presented, the cashier suggested that some one else be procured to indorse it. The member of the firm then left the bank, and later returned with an additional indorser. The cashier of the bank then stated that the note was O. K., and she then presented the check for payment, and it was accepted for payment by the bank. She was given credit by it, and as evidence of that fact was given the certificate of deposit sued on herein. The member of the partnership who was with her fully corroborated her, and according to their testimony no question was raised as to whether the check would or would not be paid, but that, when presented for payment, it was paid.

On the other hand, the cashier of the bank testified that Mrs. Frazier knew that the Martin Bargain Store did not have sufficient funds with which to pay the check,

and that he accepted it, not for payment, but for collection, and with the understanding that Mrs. Frazier's account would be given credit by it when and if paid. He testified that he by mistake failed to insert in the deposit slip which he gave Mrs. Frazier a notation to the effect that the check had been received for collection only, and would be credited to her account when and if paid. No other witness for the bank testified as to what occurred when the cashier accepted the $1,000 check presented by Mrs. Frazier and gave her the certificate of deposit. It is agreed that, from the day that transaction occurred until approximately a year later, when Mrs. Frazier called to collect her interest, no officer or agent of the bank ever said anything further to her about it, and that the check was never returned to her, but was retained in the possession of the bank during all that time.

We then have the testimony of Mrs. Frazier and another that the check was presented for payment, and was accepted and paid by the bank, and we have a certificate of deposit issued at this time, which fully corroborates the testimony of these two witnesses. On the other hand, we have the testimony of the cashier of the bank alone, giving the other version of the transaction, and undertaking to explain away the written evidence of this transaction, which he prepared and delivered to Mrs. Frazier, by saying that it was merely a mistake. It is wholly incredible that the cashier of this bank would have issued a certificate of deposit for $1,000 under the circumstances which he claimed to have issued and delivered this one.

The rule for determining when reformation may be decreed upon the ground of mistake has often been written. The proof must be clear, full, and convincing. A direct conflict of testimony is conclusive against reformation. See Daniel Boone Coal Co. v. Crawford, 203 Ky. 666, 262 S. W. 1097, and Gillispie v. Blanton, 214 Ky. 49, 282 S. W. 1061, and the cases therein cited. The evidence here falls far short of sustaining the judgment of the chancellor, under the principles of law to which we have uniformly adhered.

Judgment reversed, and cause remanded, with direction that judgment for appellant be entered for the relief sought in the petition.